UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. JAMES, | No. C 06-2980 JSW (PR) |
| Petitioner, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND AND INSTRUCTIONS TO THE CLERK** |
| v. | |
| L. E. SCRIBNER, | (Docket Nos. 3, 4, 5, 6) |
| Respondent. | |

Petitioner, prisoner of the State of California, currently incarcerated at Calipatria State Prison located in Calipatria, California, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his finding of guilty on a disciplinary proceeding conducted at Salinas Valley State Prison, in which Petitioner was assessed good time credit. Petitioner has filed several motions regarding an application to proceed in forma pauperis (docket nos. 3, 4, 5, 6). His motions are now GRANTED (docket no. 4).

His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. The petition appears to contain claims regarding due process violations at Petitioner's disciplinary proceedings. However, in the petition, Petitioner has not identified whether his claims have been exhausted in the state courts and he has answered "N.A." (presumably "not applicable") to that portion of the Court's form that requests information on whether the claims have been exhausted in the California Supreme Court.

1

**DISCUSSION**

A.    <u>Standard of Review</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.    <u>Petitioner's Claims</u>

The petition appears to contain claims alleging due process violations in a disciplinary proceeding in state prison. Such a claim may present a claim for relief. However, before proceeding on the petition, Petitioner must inform this Court whether he has first provided the state courts with a fair opportunity to rule on the claims raised therein.

A prisoner in state custody who wishes to challenge either the fact or length of his confinement by filing a federal petition for writ of habeas corpus must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). The petition is ambiguous as to whether Petitioner has raised the claims he wishes to bring in this petition before the California Supreme Court. It appears that Petitioner may not have exhausted the claims before this state's highest court. Petitioner cannot proceed with any federal claim in federal court unless and until he has given the California Supreme Court a fair opportunity to rule on the

merits of such a claim.

## CONCLUSION

For the foregoing reasons and for good cause shown, this action is dismissed with leave to file an amended petition within ***thirty days*** of the date of this order in which Petitioner presents only claims for violations of his rights under the laws, treaties, or Constitution of the United States. Each and every such claim must have been presented to the California Supreme Court before it may be asserted in a federal habeas action. The amended petition must contain the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Failure to file an amended petition by the deadline will result in dismissal of all claims in this action.

It is Petitioner's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with any orders of the Court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). The Clerk is directed to terminate all pending motions as resolved by this order (docket nos. 3, 4, 5, 6).

DATED: October 16, 2006

_____
JEFFREY S. WHITE
United States District Judge